**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| AMY JOAN SCHNEIDER and WAYNE PATTERSON, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK, N.A., *et al*. )<br>)<br>Defendants. ) | Case No. 19-cv-1297-JES-JEH |

# ORDER AND OPINION

This matter is now before the Court on the Court's September 17, 2019 Order to Show Cause, and Plaintiff's Response (Doc. 3) thereto; the U.S. Bank Defendants' Motion (Doc. 8) to Dismiss for Lack of Jurisdiction, and Plaintiff's Response (Doc. 12) thereto; Plaintiffs' Motions (Docs. 11, 20) for Leave to Amend Complaint, and Defendants' Responses (Docs. 13, 22) thereto; and the Wells Fargo Defendants' Motion (Doc. 17) to Dismiss, and Plaintiffs' Response (Doc. 19) thereto.

For the reasons set forth below,

(1) the Court's September 17, 2019 Order to Show Cause is DISCHARGED;

(2) Plaintiffs' Motions (Docs. 11, 20) for Leave to Amend Complaint are GRANTED. The Clerk is directed to docket Plaintiffs' latest proposed amendment (Doc. 20-1) as a separate docket entry; and

(3) the U.S. Bank Defendants' Motion (Doc. 8) to Dismiss for Lack of Jurisdiction and the Wells Fargo Defendants' Motion (Doc. 17) to Dismiss are GRANTED to the extent that this action is STAYED and the Court abstains from exercising jurisdiction over this matter pending resolution of the state court case.

1

## BACKGROUND

**(1) The Complaint**

Amy Schneider and Wayne Patterson filed this civil action against Wells Fargo, U.S. Bank, several mortgage servicers and several individuals employed by the banks and mortgage companies. In 2002, Plaintiffs purchased a property located at 205 E. Saratoga Road in Normal, Illinois by obtaining a mortgage from Wells Fargo. Plaintiffs allege that in 2009, they entered into a temporary payment plan with Defendants. Despite completing all payments under the mortgage and payment plan, Defendants failed to meet their obligations under the mortgage and payment plan. In 2010, Wells Fargo filed a foreclosure action against Plaintiffs in the McLean County Circuit Court. Doc. 1, at 3–5.

In May of 2015, Wells Fargo voluntarily dismissed the foreclosure action, but later refiled the suit in October of 2015. Shortly after the suit was refiled, Nationstar began servicing Plaintiff's mortgage. Nationstar was succeeded by Rushmore. U.S. Bank assumed the mortgage in February of 2019. Plaintiffs allege Wells Fargo failed to honor its express and implied contractual obligations under its Trial Period Plan Agreements with Plaintiffs. *Id*. at 5. Plaintiffs maintain that Rushmore, U.S. Bank, and Nationstar ignored their contractual obligations by refusing to extend an offer for permanent loan modification to Plaintiffs. *Id*. at 5–9. Plaintiffs further allege that the various Defendants tricked and misled them into foreclose on their house. *Id*. at 11–37.

Counts 1 through 5 of Plaintiffs' Complaint sound in breach of contract against the various Defendants, In Count 6, Plaintiffs assert a promissory estoppel claim against Wells Fargo. Plaintiffs, individually and on behalf of an undefined class, seek: damages for breach of contract or specific performance by Wells Fargo; injunctive relief in the form of an order

directing Defendants to extend to Plaintiff and the class offers for permanent loan modifications; damages for fraudulent misrepresentations; attorney fees and costs; and an injunction prohibiting Defendants from proceeding with foreclosure actions without first determining whether the borrower is eligible for a loan modification. *Id*. at 34.

**(2) The Order to Show Cause**

On September 17, 2019, the Court entered the following Order:

In *Schneider v. Greanias, et al.*, No. 05-2174, Doc. 42 (C.D. Ill. Jan. 10, 2006), Judge McCuskey entered an order barring Plaintiff Amy Schneider from filing any future lawsuits, pleadings, or motions without prior leave of court. Plaintiff Schneider is therefore DIRECTED to show cause, on or before 10/1/2019, as to why her Complaint should not be dismissed for failure to comply with Judge McCuskey's Order. The Court will consider the issue together with any Rule 12 motion by Defendants once they have appeared.

September 17, 2019 Text Order. On September 23, 2019, Plaintiffs filed a Motion for Leave of Court to File Amended Complaint, which the Court docketed as a Response to the Order to Show Cause. Doc. 3. The Response attaches a proposed Amended Complaint adding a plethora of individual Defendants employed by the bank and loan servicer Defendants. Doc. 3-1. In their Response, Plaintiffs assert their original Complaint was "unintentionally filed by plaintiff Schneider without first obtaining leave of court as required by the January 10, 2006 order." Plaintiff Schneider filed this case "in good faith after inadvertently forgetting about Judge McCluskley's [sic] January 10, 2006 order." She maintains she "has a meritorious factual case involving breach of a written contract between plaintiffs and defendants." *Id*. at 2–3.

On October 3, 2019, the Court entered the following Order:

On September 17, 2019, the Court entered an order noting Plaintiff Schneider had been barred from filing further civil suits and directing her to show cause as to why her Complaint should not be dismissed for failure to comply with that order. The Court further stated that the Court would consider the issue together with any Rule 12 motion by Defendants once they have appeared.

3

Since that time, Plaintiff Schneider has filed a Response 3 to the Order to Show Cause, an Amended Complaint 4 addressing the jurisdictional defects identified by the Magistrate Judge (see 2), a Motion 5 for Leave to File September 9, 2019 Complaint, and another Response 6, which Plaintiff incorrectly asserts is "unopposed."

Consistent with the Court's September 17, 2019 order, the Court defers ruling on the Order to Show Cause until such time as Plaintiff has served Defendants and a Rule 12 motion is presented to the Court. Plaintiff's Motion 5 for Leave to File September 9, 2019 Complaint is denied as MOOT. Plaintiff is directed to serve the Amended Complaint 4 on all Defendants in accordance with the Federal Rules of Civil Procedure. Plaintiff is responsible for all costs of service. The Court will not entertain any further motions until Defendants have been served and have entered their appearance in this matter.

October 3, 2019 Text Order.

**(3) The Motions to Dismiss**

Upon entering their appearance in this matter, Defendants Andrew Cecere, Joseph Giordano, Karen Manson, Michael O'Hanlon, Rushmore Loan Management Services, LLC, Terry L Smith, Jeffrey Toll, U.S. Bancorp, NA, and U.S. Bank National Association (hereinafter, the "U.S. Bank Defendants") filed a Motion to Dismiss for Lack of Jurisdiction. Doc. 8. Therein, noting the Plaintiffs asserted diversity jurisdiction as the basis for this Court's subject matter jurisdiction, the U.S. Bank Defendants argue Plaintiffs' Amended Complaint still fails to adequately identify the citizenship of at least one LLC (Rushmore) and therefore fails to plead complete diversity. *Id*. at 2. Alternatively, the U.S. Bank Defendants ask the Court to abstain from exercising jurisdiction in this matter under the *Colorado River* doctrine because there is a state court proceeding parallel to this case that is likely to dispose of all the Plaintiffs' claims. *Id*.

In light of the U.S. Bank Defendants' Motion to Dismiss, Plaintiffs filed another Motion seeking leave to amend their Complaint. Doc. 11. This proposed amendment cures the jurisdictional deficiencies with respect to diversity of citizenship, but again adds a plethora of individual defendants not party to the contract dispute and who appear to lack any involvement

in this case whatsoever. Thus, in its Response to the Motion, the U.S. Bank Defendants maintain that the *Colorado River* doctrine dictates abstention. Doc. 13.

On December 16, 2019, Defendants C Allen Parker, John Stumpf, and Wells Fargo Bank, NA (the "Wells Fargo Defendants") filed a Motion to Dismiss and Suggestions in Support. Doc. 17. Therein, the Wells Fargo Defendants argue the Court should dismiss Plaintiff's claims for failure to comply with Judge McCuskey's Order requiring Schneider to obtain leave of court before filing new civil cases. Alternatively, the Wells Fargo Defendants join the U.S. Bank Defendants' arguments that Plaintiffs' Amended Complaint fails to plead complete diversity, and asking the Court to abstain from exercising jurisdiction in this matter under the *Colorado River* doctrine.

In response to the Wells Fargo Defendants' Motion, Plaintiffs filed a Combined Response to the motions to dismiss as well as another Motion for Leave to Amend Complaint. Docs. 19, 20. The U.S. Bank Defendants filed a Response to Plaintiffs' Motion for Leave to Amend Complaint. Doc. 22. In their Response, the U.S. Bank Defendants no longer argue Plaintiffs fail to plead complete diversity of citizenship, but maintain the *Colorado River* doctrine mandates abstention in this matter.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must

5

plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Federal courts are courts of limited jurisdiction. Section 1332(a)(1) confers upon district courts jurisdiction to hear state law claims when complete diversity of citizenship exists between the parties: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Thus, "§ 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. *Wise v. Wachovia Securities*, LLC, 450 F.3d 265, 267 (7th Cir. 2006). The Court must know the identity of each member of the LLC Defendant as well as each member's citizenship. *Thomas v. Guardsmark*, LLC, 487 F.3d 531, 534 (7th Cir. 2007). If applicable, the Court must also know each member's members' citizenship. *Id*.

### DISCUSSION

**(1) Plaintiffs' Proposed Amendment Adequately Alleges Diversity Jurisdiction**

Although the U.S. Bank Defendants no longer appear to argue Plaintiffs fail to plead complete diversity of citizenship, federal courts "are obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). Plaintiffs, as the party seeking to invoke federal diversity jurisdiction, bear the burden of demonstrating that the complete diversity is

present. *Tylka v. Gerber Prod. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). Here, although Plaintiff's original Complaint contained defective allegations of citizenship for at least one of the Defendants, Plaintiff's latest proposed Amended Complaint appears to have cured that deficiency. *See* Doc. 20-1, at 5–7. Because no argument is made that Plaintiff's latest proposed amendment contains defective allegations of citizenship and none of the named Defendants are alleged to be citizens of Illinois, the Court grants Plaintiffs' latest Motion for Leave to Amend (Doc. 20) and denies the portion of Defendants' motions raising Rule 12(b)(1) issues.

**(2) The *Colorado River* Doctrine**

The Court now turns to Defendants' argument that this Court should abstain from exercising jurisdiction under the *Colorado River* doctrine. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). "The *Colorado River* 'doctrine allows courts to conserve judicial resources by abstaining from accepting jurisdiction when there is a parallel proceeding elsewhere.' " *Baek v. Clausen*, 886 F.3d 652, 663 (7th Cir. 2018) (quoting *Deb v. SIRVA, Inc.*, 832 F.3d 800, 814 (7th Cir. 2016)). The Seventh Circuit has adopted a two-part analysis to guide judicial considerations of whether *Colorado River* abstention is appropriate. "First, the court must determine whether the state and federal court actions are parallel." *Baek*, 886 F.3d at 663 (quoting *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014)). If the proceedings are parallel, the court proceeds to the second part of the analysis, where it must determine if abstention is proper by weighing ten non-exclusive factors:

> (1) whether the state has assumed jurisdiction over property;
> (2) the inconvenience of the federal forum;
> (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which jurisdiction was obtained by the concurrent forums;
> (5) the source of governing law, state or federal;
> (6) the adequacy of state-court action to protect the federal plaintiff's rights;
> (7) the relative progress of state and federal proceedings;
> (8) the presence or absence of concurrent jurisdiction;

(9) the availability of removal; and
(10) the vexatious or contrived nature of the federal claim.

*Baek*, 886 F.3d at 663–64.

**(a) The State and Federal Court Actions are Parallel**

"Suits are parallel if 'substantially the same parties are litigating substantially the same issues simultaneously in two fora.' " *AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001) (quoting *Schneider Nat'l Carriers, Inc. v. Carr,* 903 F.2d 1154, 1156 (7th Cir.1990)). Parallel suits need not be formally symmetrical; rather, suits are parallel if "there is a 'substantial likelihood' that the [state court] litigation 'will dispose of all claims presented in the federal case.' " *Id.* (quoting *Day v. Union Mines Inc.*, 862 F.2d 652, 656 (7th Cir. 1988)).

In the state court foreclosure action, Wells Fargo brought suit against Schneider and Patterson to foreclose on their property after Plaintiffs defaulted on their loan and failed to make timely payments. Defendants argue this suit is parallel to the state court suit because Plaintiffs are essentially asking this Court to determine whether Defendants are entitled to foreclose on the mortgage lien—the issue at the center of the state court suit. Doc. 8, at 5. Plaintiffs respond that Defendants have provided "no evidence showing that the state court litigation will dispose of all claims presented in the federal case." Doc. 19, at 4. The Court agrees with Defendants that the issues in the two suits are the same. In each case, a court must determine the enforceability of the mortgage contract and determine whether Defendants are entitled to foreclose on the mortgage lien. While Plaintiffs attempt to distinguish the cases by calling this one a breach of contract case and the state court action a foreclosure case, the foreclosure action is really just a breach of contract case specific to real property. Thus, the issues in each case are materially the same.

Additionally, although Plaintiffs attempt to join numerous individual Defendants in this case, the parties to each case are substantially the same. First, the individual Defendants named

8

in Plaintiffs' Complaint are not parties to the loan or mortgage agreement or temporary payment plan, and Plaintiffs make no allegations showing the personal involvement of the individual Defendants in the contract dispute. Thus, the presence of the individual Defendants in this case does not preclude a finding that the suits are parallel. *AAR Int'l, Inc.*, 250 F.3d at 518 ("[T]he mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel."). The Court therefore finds substantially the same parties are litigating substantially the same issues simultaneously in two separate forums, thus satisfying the first requirement for *Colorado River* abstention. *AAR Int'l, Inc.*, 250 F.3d at 518.

**(b) Weighing the Ten Non-Exclusive Factors**

Having determined the two suits are parallel, the Court must next engage in the weighing of the ten non-exclusive factors delineated by *Colorado River* and its progeny. These are:

(1) whether the state has assumed jurisdiction over property;
(2) the inconvenience of the federal forum;
(3) the desirability of avoiding piecemeal litigation;
(4) the order in which jurisdiction was obtained by the concurrent forums;
(5) the source of governing law, state or federal;
(6) the adequacy of state-court action to protect the federal plaintiff's rights;
(7) the relative progress of state and federal proceedings;
(8) the presence or absence of concurrent jurisdiction;
(9) the availability of removal; and
(10) the vexatious or contrived nature of the federal claim.

*Baek*, 886 F.3d at 663–64.

Here, the state court has assumed jurisdiction over Plaintiffs' property because the real property is located within the territorial jurisdiction of the state court and is the subject of the legal dispute. The first factor thus weighs in favor of abstention.

Neither party is necessarily inconvenienced by litigating in this federal forum, so the Court considers this factor neutral.

9

If this Court were to hear Plaintiff's case, two separate courts would waste judicial resources to address the same issues. The third factor thus weighs in favor of abstention.

The state court obtained jurisdiction over the parties and the dispute in 2015, when the foreclosure action was initially filed. The federal case was filed in 2019. The fourth factor therefore favors abstention.

The claims in both cases sound in breach of contract and arise out of Illinois law. The fifth factor favors abstention.

Plaintiffs completely fail to explain why the state court is an inadequate forum or otherwise indicate why the claims they seek to advance here may not be heard by the state court. Thus, the sixth factor also weighs in favor of abstention.

The state court proceedings have been underway since 2015, and a motion for judgment of foreclosure remains pending in that court. Doc. 8, at 6. The state court action has thus progressed much further than this case. The seventh factor weights in favor of abstention.

The state court has general jurisdiction over the foreclosure claims. Although Plaintiffs argue their pleadings contain federal claims (Doc. 19, at 6), a review of the latest proposed amended complaint again alleges only breach of contract claims. *See* Doc. 20-1. The eighth factor thus weighs in favor of abstention.

Removal of this foreclosure action is prohibited by federal statute because the state court defendants are citizens of Illinois. *See* 28 U.S.C. § 1441(b)(2). The ninth factor thus weighs in favor of abstention.

Finally, as is apparent from the duplicitous nature of this case (not to mention Plaintiffs' prior attempts at federal litigation) that this federal action was filed simply to harass the Defendants or delay the foreclosure action. Thus, to the extent there may be any federal claim in

Plaintiffs' Complaint, the tenth factor—the vexatious or contrived nature of the federal claim—also weighs in favor of abstention.

The Court, having analyzed the ten non-exhaustive factors set forth above, finds that abstention is warranted in this case. *Tyrer v. City of S. Beloit, Ill.*, 456 F.3d 744, 755 (7th Cir. 2006). Accordingly, this action is stayed pending the resolution of the state court proceedings.

Finally, the Court chooses to discharge its Order to Show Cause without inquiring into the credibility of Plaintiff Schneider's assertion that she "forgot" she was required to seek leave of court before filing further civil actions. Plaintiff Schneider is reminded that Judge McCuskey's order remains in effect.

## CONCLUSION

For the reasons set forth above,

(1) the Court's September 17, 2019 Order to Show Cause is DISCHARGED;

(2) Plaintiffs' Motions (Docs. 11, 20) for Leave to Amend Complaint are GRANTED. The Clerk is directed to docket Plaintiffs' latest proposed amendment (Doc. 20-1) as a separate docket entry; and

(3) the U.S. Bank Defendants' Motion (Doc. 8) to Dismiss for Lack of Jurisdiction and the Wells Fargo Defendants' Motion (Doc. 17) to Dismiss are GRANTED to the extent that this action is STAYED and the Court abstains from exercising jurisdiction over this matter pending resolution of the state court case.

Signed on this 10th day of March, 2020.

<u>s/ James E. Shadid</u>
James E. Shadid
United States District Judge