IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| AMY JOAN SCHNEIDER et al,<br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, NA et al,<br>    Defendants. | Case No. 1:19-CV-01297-JEH |

### Order

This matter is before the Court on Plaintiffs' MOTION for Leave to File a Third Amended Complaint and Plaintiffs' Emergency MOTION for a Temporary Restraining Order and Preliminary Injunction that was filed on January 7, 2025. (D. 42 & 63).[1] For the reasons set forth, *infra*, the Plaintiffs' MOTION for Leave to File a Third Amended Complaint is GRANTED and the Emergency MOTION for a Temporary Restraining Order and Preliminary Injunction is DENIED. Given the grant of the Motion to Amend the Complaint, the Wells Fargo Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and Suggestions in Support (D. 44) is MOOT. Finally, the Plaintiffs' Motion for leave to file Reply (D. 70) is DENIED.

**I**

Plaintiffs, *pro se*, commenced this lawsuit on September 9, 2019, against Wells Fargo, U.S. Bank, and several mortgage servicers and individuals employed by the banks and mortgage companies alleging various causes of action arising

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

primarily from the Defendants' engagement with Plaintiffs in 2009 and the property they purchased in Normal, Illinois, including the management of the mortgage and payment plan for the property. *See* (D. 1). In 2010, Wells Fargo filed a foreclosure action against Plaintiffs in the Circuit Court of the Eleventh Judicial Circuit of Illinois, and this Court subsequently stayed the proceedings pending the resolution of the ongoing foreclosure action on March 10, 2020, and granted Plaintiffs' motion for leave to amend their Complaint for a second time. (D. 23). Plaintiffs filed their second amended Complaint on the same day. (D. 24). Four years later, after receiving notice that the state court case had concluded, this Court lifted its stay on October 2, 2024. *See* 10/02/2024 Text Order. On October 11, 2024, Plaintiffs filed a Motion for leave to file a third amended Complaint that is currently pending before the Court, which the Defendants oppose. (D. 42, 45 & 55). On January 7, 2025, Plaintiffs filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction seeking to enjoin the foreclosure sale of the property at issue which is scheduled for January 15, 2025. (D. 63). Defendants filed their Responses to the Emergency Motion on January 9, 2025, and January 13, 2025. (D. 65 & 69). Plaintiffs filed their Reply and the Court held a Status Conference on the matter on January 10, 2025. (D. 67); *See* 01/08/2024 Text Order.

## II

At the outset, the Court notes two items concerning the Plaintiffs' filings. First, ordinarily, Plaintiffs do not need to make a motion for leave to file an emergency motion. Second, under Federal Rule of Civil Procedure 65, a temporary restraining order is issued without notice to the adverse party. *See* FED. R. CIV. P. 65(b)(1). Because the parties had notice and because the Plaintiffs proceed *pro se*,

the Court will construe the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction as seeking a preliminary injunction.[2]

In looking to the Plaintiffs' Emergency Motion for preliminary injunction, the relief sought is to enjoin the foreclosure sale and "preserve the *status quo* and prevent irreparable harm while this Court adjudicates federal claims arising under the Real Estate Settlement Procedures Act (RESPA) and other federal statutes." (D. 63 at ECF p. 1). However, critically, Plaintiffs' Second Amended Complaint, the current operative Complaint, does not raise a RESPA claim or any other claim arising under federal statute. *See* (D. 24). Instead, Plaintiffs' Second Amended Complaint includes several breach of contract claims, intentional infliction of emotional distress, seeks equitable relief, and asserts that the Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act. *Id.* While the Plaintiffs have moved this Court for leave to amend their Complaint for a third time to include the causes of action named in the Motion for a preliminary injunction, that Motion is still pending. (D. 42). Therefore, in order to resolve the Emergency Motion for a preliminary injunction, the Court must first resolve the Motion for leave to file a third amended Complaint.

When a party seeks to amend its complaint, Federal Rule of Civil Procedure 15 governs. *See* FED. R. CIV. P. 15. Relevantly, here, Federal Rule of Civil Procedure 15(a)(2) provides in part that the Court should freely give leave to a party to amend its pleading "when justice so requires." *See* FED. R. CIV. P. 15(a)(2). However, leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted). The

---

[2] Hereinafter "preliminary injunction."

3

Defendants primarily couch their arguments against the Plaintiffs' Motion to amend by asserting that the proposed amendment would be futile and that there has not been a final, appealable order in the state court foreclosure action. *See* (D. 45, 55). However, Federal Rule of Civil Procedure 15(a)(2) sets forth a "*liberal* standard for amending pleadings." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (emphasis added); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (Rule 15(a)'s declaration that leave to amend "shall be freely given when justice so requires" is a "mandate to be heeded.").

In looking to the present facts, the Plaintiffs' request to amend their Complaint for a third time is proper. While the Defendants correctly note that courts may deny leave to amend "if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile," those arguments are not persuasive here. (D. 45 at ECF p. 3-4). First, the potential for undue prejudice is low, where as here, the Third Amended Complaint seeks to narrow the issues before the parties and the Court. Plaintiffs' third amended Complaint would drop twelve claims, leaving eight remaining. *See* (D. 42). Second, Plaintiffs filed the Motion for leave to amend their Complaint for a third time just nine days after the Court lifted the stay in this case. *See* 10/02/2024 Text Order; (D. 42). In that light, the moving party has not unduly delayed in making its filing. Finally, while the Defendants also argue that the claims in the third amended Complaint are futile, those arguments are better addressed by a motion to dismiss.

### III

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015) (citing *Goodman v. Ill. Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). In order to succeed, the moving party must show

they have a (1) "reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Goodman v. Illinois Dep't. of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (citing *Joelner v. Vill. of Washington Park*, 378 F.3d 613, 620 (7th Cir. 2004). The Court addresses the Plaintiffs' basis for seeking a preliminary injunction and addresses these factors in turn.

Plaintiffs' basis for seeking a preliminary injunction is to "preserve the *status quo* and prevent irreparable harm while this Court adjudicates federal claims arising under the Real Estate Settlement Procedures Act (RESPA) and other federal statutes."[3] (D. 63 at ECF p. 1). In order to prevail, the Plaintiffs must make a "strong showing" that they are "likely to succeed on the merits," "a mere possibility of success is not enough." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (citations omitted).

With respect to the RESPA claim, Plaintiffs have failed to meet that burden. Plaintiffs' own Motion alleges RESPA violations that occurred in 2010. (D. 63 at ECF p. 2). In particular, Plaintiffs assert that Defendants violated 12 C.F.R. § 1024.41. *Id.* That regulatory provision is enforceable pursuant to 12 U.S.C. 2605(f). *See* 12 C.F.R. § 1024.41(a). However, with exceptions not applicable here, actions arising under § 2605 are barred by a statute of limitations requiring they be filed within three years of the violation. *See* 12 U.S.C. § 2614. For that reason, and because these violations are alleged to have occurred more than a decade ago, the Plaintiffs have not shown a reasonable likelihood of success on the merits. Indeed,

---

[3] The Court notes that the other causes of action named in the third amended complaint do not arise under "other federal statutes." Therefore, the Court only addresses the RESPA cause of action in considering the movant's request for a preliminary injunction.

Plaintiffs do not dispute that the statute of limitations for their RESPA claim applies, but instead asks the Court to equitably toll the statute for more than ten years. *See* (D. 67 at ECF p. 2-3). That kind of "relief is an extraordinary remedy, and the burden is on the party seeking its application to demonstrate that it is warranted." *Dent v. Charles Schwab & Co., Inc.*, 121 F.4th 1352, 1353 (7th Cir. 2024) (citing *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). In the instant case, Plaintiffs have been engaged with the Defendants in litigation for years and can no longer rely on bald and general assertions that the Defendants' "misleading conduct" caused the delay or that Plaintiffs "lacked the means to discover the violations until recently." (D. 67 at ECF p. 2-3).

Because the Court finds Plaintiffs have failed to satisfy the initial element necessary for a preliminary injunction—that there be a reasonable likelihood of success—it need not reach the merits of the others. Accordingly, the Emergency Motion for a preliminary injunction is DENIED.

## IV

Because this Court is granting the Plaintiffs' Motion for leave to file a third amended complaint, the Wells Fargo Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and Suggestions in Support (D. 44) is MOOT. *See* Civil LR 7.1(E).

## V

For the reasons stated, *supra*, Plaintiffs' MOTION for Leave to File a Third Amended Complaint (D. 42) is GRANTED, the Emergency MOTION for a Temporary Restraining Order and Preliminary Injunction (D. 63) is DENIED, and the Wells Fargo Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and Suggestions in Support (D. 44) is MOOT. The Plaintiffs' Motion for leave to file Reply (D. 70) is DENIED. The Clerk is directed to docket the proposed Third Amended Complaint (D. 42-1). Finally, the Defendants are

instructed to respond to the Plaintiffs' third amended pleading in accordance with Federal Rule of Civil Procedure 15(a)(3).

*It is so ordered.*

Entered on January 14, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE