**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| AMY JOAN SCHNEIDER et al,<br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, NA et al,<br>    Defendant. | Case No. 1:19-cv-01297-JEH-RLH |

**Order**

Now before the Court is Defendants' Motions to Dismiss for Failure to State a Claim, (D. 81 & D. 83), and Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, (D. 84).[1] For the reasons stated, *infra*, the Motions to Dismiss, (D. 81 & D. 83), are GRANTED and the Plaintiffs' Motion for Leave to File a Fourth Amended Complaint, (D.84), is DENIED.

**I**

Plaintiffs, *pro se*, commenced this lawsuit on September 9, 2019, against Wells Fargo, U.S. Bank, several mortgage servicers, bank employees, and mortgage companies alleging various causes of action arising primarily from the Defendants' engagement with Plaintiffs in 2009 and the property they purchased in Normal, Illinois, including the management of the mortgage and payment plan for the property. *See* (D. 1). In 2010, Wells Fargo filed a foreclosure action against Plaintiffs in the Circuit Court of the Eleventh Judicial Circuit of Illinois and the Court stayed proceedings in this case pending the resolution of the ongoing foreclosure action on March 10, 2020, and granted Plaintiffs' motion for leave to

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

amend their Complaint for a second time. (D. 23). On the same day, Plaintiffs filed their second amended Complaint. (D. 24). Four years later, after receiving notice that the state court case had concluded with the entry of Judgment for Foreclosure and Sale in the Foreclosure Action on August 28, 2024, this Court lifted its stay on October 2, 2024. *See* 10/02/2024 Text Order; (D. 63-4). On October 11, 2024, Plaintiffs filed a Motion for leave to file a third amended Complaint which the Court granted on January 14, 2024. (D. 71). Seven days earlier, on January 7, 2025, Plaintiffs filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction seeking to enjoin the foreclosure sale of the property at issue, (D. 63), which the Court denied on January 14, 2025. (D. 71). Also on January 14, 2025, Plaintiffs filed a Renewed Motion for Preliminary Injunction which the Court denied on the same day. (D. 73 & 74). One day later, the Plaintiffs filed an Emergency Motion for Stay which the Court also denied as successive. *See* 01/15/2025 Text Order. On February 18, 2025, the Defendants filed Motions to Dismiss the third amended Complaint, (D. 81 & D. 83), and, on the same day, the Plaintiffs filed a Motion for Leave to file a Fourth Amended Complaint. (D. 84). The parties subsequently filed their Responses and Replies in opposition to the Motions to Dismiss and the Motion for Leave to file a Fourth Amended Complaint. The issues are now fully briefed.

## II

According to the third amended Complaint, the Plaintiffs filed this action for "breach of contract, fraud, violations of federal statutes, and other claims arising from the wrongful foreclosure process and improper mortgage assignments." (D. 72 at ECF p. 1). Plaintiffs allege that, in 2002, they entered into a mortgage loan agreement with Wells Fargo for property located on 205 Saratoga Road, Normal, Illinois. *Id.* at ECF p. 2. In 2009 and 2010, Plaintiffs claim they sought a modification of the loan under the Home Affordable Modification Program

("HAMP"), and that Wells Fargo offered a Trial Period Plan ("TPP"), which required Plaintiffs to comply with timely payments, among other requirements, and provide other documentation. *Id.* at ECF p. 3. Plaintiffs allege, despite their compliance, Wells Fargo subsequently failed to provide a permanent loan modification and initiated foreclosure proceedings. *Id.* Plaintiffs allege they continued to participate in the HAMP until 2011 and that Wells Fargo engaged in "fraudulent conduct by providing false assurance of a pending loan modification, while simultaneously pursuing foreclosure actions ('dual tracking')." *Id.* Those foreclosure actions were finalized on August 28, 2024, when the "Illinois 11th Circuit granted U.S. Bank and Nationstar's motion for summary judgment, issuing orders of default, foreclosure, and sale." *Id.* As a result, Plaintiffs allege Wells Fargo's "dual tracking actions directly resulted in Plaintiffs' wrongful foreclosure and financial harm", leading to the instant cause of action. *Id.* Plaintiffs allege that these wrongful actions resulted in their suffering "financial losses, emotional distress, and wrongful foreclosure as a direct result of Defendants' actions." *Id.* The third amended Complaint alleges eight counts that respectively include breach of contract, fraudulent misrepresentation, negligent misrepresentation, violation of the Real Estate Settlement Procedures Act ("RESPA"), unjust enrichment, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), unclean hands, and violating dual tracking regulations. *Id.* at ECF p. 4-10. The Defendants have moved to dismiss all counts. (D. 81 & 83).

### A

As an initial matter, Wells Fargo contends that the Court lacks subject matter jurisdiction over the case and has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (D. 82 at ECF p. 5-8). A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is a challenge to a court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "As the party invoking federal jurisdiction, a

plaintiff bears the burden of establishing the elements of Article III standing." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citing *Lujan v. Def's of Wildlife*, 504 U.S. 555, 561 (1992)). "In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Id.* (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir 2009)). "A factual challenge contends that 'there is *in fact* no subject matter jurisdiction,' even if the pleadings are formally sufficient." *Id.* (emphasis in original).

That is what Wells Fargo appears to assert here, a factual challenge, surmising that "Plaintiffs' claims are barred by the Anti-Injunction Act and must be dismissed for want of subject matter jurisdiction." (D. 82 at ECF p. 8). In addition, Wells Fargo contends that the "*Roomer-Feldman* Doctrine and *Younger* Abstention Doctrine" bars this Court from jurisdiction because the Plaintiffs' "claims are a direct challenge to the Foreclosure Action and Plaintiffs seek to overturn the Final Judgment to obtain a loan modification". *Id.* at ECF p. 6. True, among other forms of relief, the Complaint requests "Injunctive Relief: Enjoining Defendants from pursuing the foreclosure loan while modifications are under review" and "Equitable Relief: Specific Performance of loan modification agreements." (D. 72 at ECF p 9-10). Wells Fargo correctly points out that granting such relief would likely contravene the Anti-Injunction Act which states, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (citing 28 U.S.C. § 2283). That "Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the

4

act."[2] *Id.* However, as Plaintiffs point out, they allege "independent post-foreclosure misconduct", which gave rise to the other causes of action in the third amended Complaint. (D. 87 at ECF p. 2). Therefore, allowing those claims, and the other forms of relief sought to proceed in the absence of this Court issuing an injunction, does not contravene the Act's purpose or deprive this Court of subject matter jurisdiction over the matter. *See Vendo Co.*, 433 U.S. at 630 ("The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court."). Despite Wells Fargo's assertion that this Court lacks subject matter jurisdiction pursuant to the prohibitions set forth by the Anti-Injunction Act, (D. 82 at ECF p. 7) (citing *Adkins v. Nestlé Purina PetCare Co.*, 779 F.3d 481, 483 (7th Cir. 2015)), that case does suggest or even discuss the issue of subject matter jurisdiction. To the contrary, in that case, an injunction had already been issued. *Id.* at 483. Therefore, Wells Fargo's assertion—without citation to any authority in direct support—that the claims are barred and "must be dismissed for want of subject matter jurisdiction" in a case where the Court has not issued an injunction, is without merit.

Wells Fargo similarly asserts, without citation to any authority, that the Court also lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. (D. 82 at ECF p. 7). For the *Rooker-Feldman* doctrine to apply, however, the "state-court judgment must have become final before the federal proceedings began," *Gilbank v. Wood Cty. Dep't of Hum. Servs.*, 111 F.4th 754, 766 (7th Cir. 2024), and Defendants concede that "the state court entered Judgment for Foreclosure and Sale (the 'Final Judgment')" on

---

[2] The Plaintiffs do not cite to any act authorizing such an injunction in this case and, accordingly, the Court declines to engage in such an analysis. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

August 28, 2024. (D. 82 at ECF p. 4.) The instant action began in 2019, well before the state court judgment became final on August 28, 2024. Accordingly, the *Rooker-Feldman* doctrine is inapplicable here, and the *Younger* abstention doctrine is similarly inapplicable because the state-court proceeding is no longer ongoing. *See Brown v. Vancil*, 2024 WL 4275961, at *10 (C.D. Ill. 2024) (citing *Tr. & Inv. Advisers, Inc. v. Hogsett*, 43 F.3d 290, 295 (7th Cir. 1994) (discussing the requirement that state-court proceedings be ongoing for *Younger* abstention to be applicable)). Therefore, the Court finds the Plaintiff has asserted adequate bases for subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. (D. 72 at ECF p. 2); *see also Silha*, 807 F.3d at 173.

**B**

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (2007)). Similarly, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id.*

6

**i**

In Count One, Plaintiffs allege breach of contract against Wells Fargo and successor services. (D. 72 at ECF p. 4-5). They state that "Wells Fargo breached its contract by failing to offer permanent loan modification under the TPP, despite Plaintiffs' full compliance" and that "successor services Nationstar and U.S. Bank continued wrongful foreclosure without proper assignment of the mortgage." *Id.* In response, the Defendants contend that Plaintiffs' breach of contract claim is time-barred. (D. 82 at ECF p. 8).

In Illinois, "courts follow a strict interpretation of the meaning of a written agreement for purposes of the statute of limitations." *Portfolio Acquisitions, L.L.C. v. Feltman*, 909 N.E.2d 876, 647 (Ill. App. Ct. 2009) (citing *Brown v. Goodman*, 489 N.E. 2d 854, 856 (Ill. App. Ct. 1986)). "A contract will only be deemed written if parties are identified and all the essential terms are in writing and ascertainable from the instrument itself. If resort to parol evidence is necessary to identify the parties or essential terms, the contact is considered an oral contract for purposes of the statute of limitations." *Id.* In this case, Defendants aver that "Plaintiffs allege the breach of an oral contract subject to Illinois' five-year limitations period for actions based on unwritten contracts" and because the "breach of contract claim admittedly arose in February 2011 when they withdrew from the loan modification process" they were required to bring the claim "on or before February 2016." (D. 95 at ECF p. 3) (citing 735 Ill. Comp. Stat. §§ 5/13-205 & 5/13-206). The Plaintiffs contend that the TPP agreement "*and* correspondence from Wells Fargo establish a written contract, making the ten-year statute" of limitations applicable. (D. 96 at ECF p. 2) (emphasis added). That Plaintiffs rely on correspondence—outside of the four corners of the alleged TPP agreement—to provide the evidence in support of Plaintiffs' belief that "Wells Fargo and its representatives . . . engaged in fraudulent conduct by providing false assurances

7

of a pending loan modification, while simultaneously pursuing the foreclosure actions" confirms that its breach of contract claim is properly considered an oral contract for purposes of the statute of limitations. (D. 72 at ECF p. 3). Indeed, they assert, based on "recently discovered internal communications" from Wells Fargo employees, that the modification of the loan was nearly complete, but that Wells Fargo had already terminated the modification process and "kept [Plaintiffs] under the belief that their modification was still pending." *Id.*; (D. 82 at ECF p. 3 & 96 at ECF p. 3). By Plaintiffs own assertions then, evidence outside of the alleged TPP agreement is necessary to prove the breach of contract claim because they are relying on Wells Fargo's internal correspondence to prove the breach of contract claim. That Plaintiffs must rely on parol evidence to allege their claim is doubly confirmed by the fact that Plaintiffs have not identified a term of the TPP agreement itself that it alleges was violated. Accordingly, the Court agrees that the breach of contract claim is barred by the five-year statute of limitations because it began accruing in 2011 at the latest, and the instant cause of action was filed in 2019. *See Portfolio Acquisitions, L.L.C.*, 909 N.E.2d at 647 (citing *Brown*, 489 N.E. 2d at 856); (D. 1).

To overcome the statute of limitations, Plaintiffs allege that fraudulent concealment "tolls the statute since Wells Fargo misrepresented its reasons for denying the modification and when or how it ended." (D. 96 at ECF p. 3) (citing 735 ILL. COMP. STAT. § 5/13-215). But, for tolling under fraudulent concealment to apply, a Plaintiff must plead "affirmative acts or representations calculated to lull or induce a plaintiff into delaying the filing of his claim or preventing him from discovering the claim." *Henderson Square Condo. Ass'n v. LAB Townhomes, LLC*, 46 N.E.3d 706, 717 (Ill. 2015). Here, Plaintiff alleges that Wells Fargo mispresented the reasons for denying the modification and relies on internal Wells Fargo communications concerning the processing of the loan modification to do so, (D.

8

96 at ECF p 2-3), but that is not the same as alleging affirmative facts that indicate Wells Fargo took actions to delay Plaintiffs' filing of the instant claim or that were designed to prevent the Plaintiffs from discovering it. Plaintiffs' fraudulent concealment argument is based on the very acts that they contend constitute the breach of contract, and that cannot serve as the basis for tolling the statute of limitations. *See Obiefuna v. Hypotec*, 451 F. Supp. 3d 928, 941 (S.D. Ind. 2020). To the extent Plaintiffs suggest that it had some right to access and review Wells Fargo's internal correspondence from 2010 or that Wells Fargo's failure to disclose internal correspondence as matter of course constituted fraudulent concealment, the Court is unmoved, even assuming that Plaintiffs may have been entitled to such access later on through discovery. The facts alleged simply provide no indication that Wells Fargo took "affirmative acts" or made "representations" to the Plaintiffs that induced them to wait nearly nine years to file the instant case, and, therefore, the Plaintiffs' attempt to toll the statute of limitations by claiming fraudulent concealment is unavailing. *See Henderson Square Condo. Ass'n*, 46 N.E.3d at 717. Given the foregoing, because the Court concludes the claim is barred by the five-year statute of limitations, any future amendments would be futile and the Plaintiffs breach of contract claim is dismissed with prejudice. *See Cardenas v. City of Chi.*, 646 F.3d 1001, 1007-08 (7th Cir. 2011) (dismissal with prejudice appropriate where any refiling would be time-barred); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)) ("[T]he court should not allow the plaintiff to amend his complaint when to do so would be futile.").

### ii

In Counts Two and Three and Five, the Plaintiffs allege fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment. (D. 72 at ECF p. 5-8). In response, Wells Fargo asserts that these claims are time-barred. (D.

82 at ECF p. 10-12). For the reasons set forth below, the Court agrees with Wells Fargo that the claims are time-barred.

In Illinois, a five-year statute of limitations applies to claims of fraudulent misrepresentation. *See Gillespie Cmty. Unit Sch. Dist. No. 7, Macoupin Cty. v. Wight & Co.*, 4 N.E.3d 37, 49 (Ill. 2014). The same five-year limit applies to actions alleging negligent misrepresentation and unjust enrichment. *See Ko v. Eljer Indus. Inc.*, 678 N.E.2d 641, 646 (Ill. App. Ct. 1997) (finding five-year limit applies to negligent misrepresentation claim); *CitiMortgage, Inc. v. Parille*, 49 N.E.3d 869, 884 (Ill. App. Ct. 2016) (finding five-year limit applies to unjust enrichment claims). Here, most favorably, the Plaintiffs allege fraudulent misrepresentations and negligent misrepresentations that occurred in 2009 through 2011. (D. 72 at ECF p. 5-7). Similarly, the Plaintiffs allege unjust enrichment arising out of the same alleged conduct. *Id.* The instant action was not filed until 2019, well beyond the five-year statutory limit. (D. 1). Accordingly, the Court agrees that the fraudulent misrepresentation claim, the negligent misrepresentation claim, and the unjust enrichment claim, are time-barred. Therefore, because Counts Two, Three, and Five fall irreparably beyond the five-year statutory limit, Plaintiffs claims are dismissed with prejudice. *See Cardenas*, 646 F.3d at 1007-08 (7th Cir. 2011) (dismissal with prejudice appropriate where any refiling would be time-barred); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)) ("[T]he court should not allow the plaintiff to amend his complaint when to do so would be futile.").

### iii

In Count Four and Eight, the Plaintiffs allege violations of the Real Estate Settlement Procedures Act ("RESPA") by "failing to respond timely to Qualified Written Requests (QWRs), wrongly charged escrow fees, and engaging in dual tracking" and a "violation of dual tracking regulations" by "pursuing foreclosure

while processing modification applications," respectively.[3] (D. 72 at ECF p. 8-9). In response, Wells Fargo contends that the RESPA claims are time-barred. (D. 95 at ECF p. 5-6). For the reasons set forth, the Court agrees these claims are time-barred.

Actions brought pursuant to the RESPA are governed by a statute of limitations set forth in 12 U.S.C. § 2614. *See Whitley v. Taylor Bean & Whitacker Mortg. Corp.*, 607 F. Supp. 2d 885, 900 (N.D. Ill. 2009); *Obiefuna v. Hypotec, Inc.*, 451 F. Supp. 3d 928, 940 (N.D. Ind. 2020). It reads in relevant part:

> Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . ..

12 U.S.C. § 2614.

The Plaintiff does not identify which section within 12 U.S.C. § 2614 it believes was violated. However, given their *pro se* status, the Court construes the Plaintiffs' Complaint as alleging a violation of 12 U.S.C. § 2605 which speaks to Qualified Written Requests, § 2605(e)(B), the administration of escrow accounts, § 2605(g), and also includes the prohibition on dual tracking, § 2605(f).[4] Therefore, because Counts Four and Eight both allege violations that fall within the ambit of 12 U.S.C. § 2605, the Court applies the three-year statutory limit to Plaintiffs'

---

[3] Plaintiffs allege that the "Defendants violated 12 C.F.R. § 1024.41 by engaging in dual tracking, pursuing foreclosure while processing modification applications." (D. 72 at ECF p. 9). This regulation is made enforceable pursuant to the RESPA under 12 U.S.C. §§ 2605(f), 2614. *See* 12 C.F.R. § 1024.41(a).
[4] *See* 12 C.F.R. § 1024.41(a).

causes of action. *See* 12 U.S.C. § 2614. In this case, the Plaintiffs complain of a failure to timely respond to Qualified Written Requests ("QWRs"), wrongly charged escrow fees, and dual tracking. (D. 72 at ECF p. 8-9). However, the Complaint does not identify a single instance of a wrongly charged escrow fee or any writing that it believes qualified as a QWR. *See Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 711 (7th Cir. 2015) ("judges are not like pigs hunting for truffles buried in [the record].") (citing *United States v. Dunkel*, 927 F.3d 955, 956 (7th Cir. 1991)); *see also Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss.). The Court, therefore, assumes that the alleged misconduct regarding the QWRs and wrongly charged escrow fees occurred from 2009 to 2011, along the same timeline that the purported dual tracking violation occurred. (D. 72 at ECF p. 3). Given that, it is evident that these claims also fall well beyond the three-year statutory limit because the instant cause of action was filed in 2019.[5] Accordingly, Counts Four and Eight are dismissed with prejudice. *See Cardenas v. City of Chi.*, 646 F.3d 1001, 1007-08 (7th Cir. 2011) (dismissal with prejudice appropriate where any refilling would be time-barred); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)) ("[T]he court should not allow the plaintiff to amend his complaint when to do so would be futile.").

**iv**

---

[5] Plaintiffs' Response to the Motion to Dismiss the RESPA-related claims cites to their Motion for Leave to file a Fourth Amended Complaint that is currently pending before the Court, but it is not the operative Complaint. *See, e.g.* (D. 87 at ECF p. 6-9). This contravenes the axiomatic principle "that the complaint may not be amended by the briefs in opposition to a motion to dismiss . . .." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). Therefore, the Court will not consider the facts raised in the proposed fourth amended Complaint for purposes of ruling on the Motion to Dismiss.

In Count Six, the Plaintiffs allege that the Defendants violated the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") because they "engaged in deceptive business practices in violation of ICFA." (D. 72 at ECF p. 9). In response, Wells Fargo argues that the claim is time-barred.[6] As to whether the claim is time-barred, the Court agrees.

The Plaintiffs allege misconduct from 2009 to 2011 when Plaintiffs unsuccessfully sought a loan modification. (D. 72 at ECF p. 3). "The statute of limitations for an ICFA claim is three years 'and begins to run when the cause of action accrues.'" *Himan v. Thor Indus., Inc.*, 2022 WL 683650, at *11 (N.D. Ind. 2022) (citing *Kopely Grp. V., L.P. v. Sheridan Edgewater Props., Ltd.*, 876 N.E.2d 218, 231 (Ill. App. Ct. 2007)). In this case, Plaintiffs' ICFA claim began accruing in 2011, at the latest, when they allege they were wrongfully denied the loan modification. (D. 72 at ECF p. 3). Accordingly, the instant cause of action was required to be brought some time prior to the close of 2014. This case was not filed until 2019. (D. 1). No fact can change that over a decade has passed since the alleged misconduct occurred, and, therefore, Count Six is dismissed with prejudice. *See Cardenas v. City of Chi.*, 646 F.3d 1001, 1007-08 (7th Cir. 2011) (dismissal with prejudice appropriate where any refiling would be time-barred); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)) ("[T]he court should not allow the plaintiff to amend his complaint when to do so would be futile.").

**v**

In Count Seven, the Plaintiffs allege unclean hands because the Defendants "proceed[ed] with foreclosure actions despite lacking standing." (D. 72 at ECF p.

---

[6] The Court note that it appears Plaintiffs did not raise any arguments in support of the ICFA claims in their opposition to the Motion to Dismiss. As a result, the Court suspects the claim may have been wavier. *See Lekas v. Briley*, 405 3d. 602, 614-15 (7th Cir. 2005) (finding waiver where plaintiff failed to present legal arguments in response to the defendants' motion to dismiss).

9). In response, Wells Fargo argues that "the doctrine of unclean hands is an affirmative defense and does not give rise to a cause of action for affirmative relief." (D. 82 at ECF p. 19-20). As to the latter point, the Court agrees.

"The doctrine of 'unclean hands' is an affirmative defense." *Jameson Real Est. LLC v. Ahmed*, 129 N.E.3d 128, 148 (Ill. App. Ct. 2018) (citing *Long v. Kemper Life Ins. Co.*, 553 N.E.2d 439, 218 (Ill. App. Ct. 1990)). Unclean hands "do[es] not give rise to a cause of action for affirmative relief." *Keating v. City of Waukegan*, 2024 WL 2882581, at *12 (N.D. Ill. 2024). "The doctrine of unclean hands 'reduce[s] to the principle that a court will not entertain a claim or defense that would create a greater legal wrong than vindicating the claim or defense would avert." *Id.* (citing *Schlueter v. Latek*, 683 F.3d 350, 355-56 (7th Cir. 2012)). The doctrine is inapplicable at this juncture and does not give rise to a cause of action for affirmative relief. Accordingly, because no allegation can overcome the fact that unclean hands is not a cause of action, Count Seven is dismissed with prejudice for failing to state a claim upon which relief can be granted. *See Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 (1981) ("A dismissal for failure to state a claim is dismissal on the merits . . . and normally with prejudice . . . ."); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)) ("[T]he court should not allow the plaintiff to amend his complaint when to do so would be futile.").

### III

On February 18, 2025, the Plaintiff filed a Motion for Leave to file a Fourth Amended Complaint ("FAC"). (D. 84). The proposed FAC alleges six causes of action. (D. 84-1 at ECF p. 23-47). Count One alleges breach of contract, Count Two alleges violations of the RESPA, Count Three alleges fraudulent misrepresentation, Count Four alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), Count Five seeks a declaratory judgment, and Count Six

is a cause of action to quiet title. *Id.* As it relates to the third amended Complaint, the operative Complaint, the proposed FAC would add three causes of action (FDCPA, declaratory judgment, and quiet title), and remove four causes of action (negligent misrepresentation, unjust enrichment, unclean hands, and the ICFA). *Compare* (D. 72) *with* (D. 84-1). For the reasons that follow, the Court DENIES the Motion for Leave to file a Fourth Amended Complaint. (D. 84).

### A

When a party seeks to amend its complaint, Federal Rule of Civil Procedure 15 governs. *See* FED. R. CIV. P. 15. Relevantly, here, Federal Rule of Civil Procedure 15(a)(2) provides in part that the Court should freely give leave to a party to amend its pleading "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted). In general, Federal Rule of Civil Procedure 15(a)(2) sets forth a "liberal standard for amending pleadings." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). However, "there must be an end sometime to applications to amend", and the Court has discretion to deny further applications. *Shall v. Henry*, 211 F.2d 226, 231 (7th Cir. 1954). That is particularly true when a Plaintiff has "ample opportunity to assert her proposed claims" or where the "facts underlying the proposed new claims were known to" the Plaintiff at the time of the filing. *Aleshire v. Harris, N.A.*, 586 F. App'x 668, 672 (7th Cir. 2013). The Seventh Circuit has emphasized that "[t]here must be a point at which a plaintiff makes a commitment to the theory of its case." *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co., Inc.*, 265 F.R.D. 341, 347 (7th Cir. 2010) (citing *Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993)).

15

**B**

In the Rushmore Defendants' opposition to the proposed FAC, they argue that it is "untimely as it comes 139 days after the stay was lifted" and "130 days after seeking leave to file the operative Third Amended Complaint". (D. 89 at ECF p. 5). They also point out that Plaintiffs claim they obtained information in discovery, "presumably in the state court since no discovery has occurred in this case" and that "Plaintiffs provide no context as to how this newly discovered evidence was obtained or the justification for waiting until now to request leave" to file the FAC. *Id.* Moreover, they argue that the proposed FAC will cause undue prejudice and that the FAC is made in bad faith. *Id.* at ECF p. 6. Indeed, this Court has previously found that "this federal action was filed simply to harass the Defendants or delay the foreclosure action." (D. 23 at ECF p. 10).

As to the proposed FAC, the Court agrees that Plaintiffs have unduly delayed and may be acting in bad faith. The proposed FAC is devoid of any explanation as to why the Plaintiffs waited to file the Motion for Leave to file the FAC until, and on the same day as, the Defendants' Motions to Dismiss the third amended Complaint. (D. 84). The Court suspects that timing is not mere coincidence, and, instead, an effort to continue to prolong and obstruct the litigation in this case that has been ongoing since 2019, all while the Court considers the dispositive motions pending before it. In that respect, at least, there is some evidence of bad faith as Plaintiffs waited until the very day dispositive motions were filed to seek an amendment. (D. 81, D. 83 & D. 84). If the Plaintiffs had provided some justifiable explanation for the delay, the Court may feel differently, but there is none. In the FAC itself, the Plaintiffs state that the newly discovered evidence is from 2023. (D. 84 at ECF p. 3). Since the discovery itself, nearly two years have passed and several more months have passed since the

16

Plaintiffs filed their Motion for Leave to file the third amended Complaint on October 11, 2024. (D. 42). And, "'the longer the delay, the greater the presumption against granting leave to amend.'" *Wilson v. Gundfos*, 2017 WL 5001472, at *1 (N.D. Ill. 2017) (citing *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)). Plaintiffs have not provided any evidence that there has been any newly discovered evidence in the interim between the filing of the third amended Complaint and the proposed FAC, nor is there any explanation for waiting 130 days after seeking leave to file the third amended Complaint and filing the proposed FAC on the same day as Motions to Dismiss were filed. (D. 42, D. 81, D. 83 & D. 84). Therefore, the facts "underlying the proposed new claims" were at least known to the Plaintiffs at the time they sought leave to file the third amended Complaint in October of 2024, but the Plaintiffs still waited several months to file the proposed FAC, relying on the same evidence that was available to them when leave was sought to file the third amended Complaint. *See Aleshire*, 586 F. App'x at 672 (observing that the district court did not abuse its discretion in denying the motion for leave to file a third amended complaint where the Plaintiff knew of the facts and had ample opportunity to assert them). Viewed through that lens and contrary to Plaintiffs' assertion that they "promptly moved to amend upon discovering new evidence" from *2023*, (D. 98 at ECF p. 2), they did not seek leave to amend their complaint the third time until October 11, 2024, and then waited until the Motions to Dismiss the third amended Complaint were filed before seeking leave to file the FAC. This is not representative of diligence, but undue delay. Indeed, at this stage in the litigation, in a case that has been ongoing since 2019, allowing the proposed FAC to move forward would mean "prejudice is more likely" because it "comes late in the litigation and will drive the proceedings in a new direction". *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022). Here, the Plaintiffs now seek to add additional claims that include actions to quiet the title of the property at issue in

this case, and a declaratory judgment that the foreclosure proceedings were unlawful, both of which will undoubtedly drive the proceedings in a new direction and are a flagrant attempt to ask the Court to relitigate and insert itself into issues that have already reached a final judgment in the state court foreclosure proceeding.

With these circumstances in mind, the Court finds that the Plaintiffs have unduly delayed in seeking leave to file the FAC and that the Plaintiffs may have engaged in bad faith due to the timing, circumstances, and nature of their filing. Accordingly, the Court denies the Motion for Leave to File a Fourth Amended Complaint. (D. 84).

## IV

For the reasons stated, *supra*, the Defendants' Motions to Dismiss, (D. 81 & 83), are GRANTED and the case is dismissed with prejudice. Plaintiffs' Motion for Leave to file a Fourth Amended Complaint, (D. 84), is DENIED. The Clerk is directed to enter judgment and close the case.

*It is so ordered.*

Entered on May 15, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

18