E-FILED
Wednesday, 18 June, 2025  01:46:37 PM
Clerk, U.S. District Court, ILCD

## IN THE
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| AMY JOAN SCHNEIDER et al, <br>     Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, NA et al, <br>     Defendant. | Case No. 1:19-cv-01297-JEH-RLH |

### Order

Now before the Court is the Plaintiffs' Motion for Leave to File a Motion to Reconsider (D. 106).[1] For the reasons set forth, *infra*, the Motion is DENIED.

### I

On May 15, 2025, the Court granted the Defendants' Motion to Dismiss (D. 81 & 83), denied the Plaintiffs' Motion for Leave to file a Fourth Amended Complaint (D. 84), and directed the Clerk to enter judgment and close the case. (D. 103). Subsequently, on June 3, 2025, the Plaintiffs filed a Motion for Leave to File a Motion to Reconsider.[2] (D. 106). On June 17, 2025, the Defendants filed their Memorandums in Opposition to the Motion for Leave to file a Motion to Reconsider. (D. 107 & 108). The matter is now fully briefed.

### II

Federal Rule of Civil Procedure 59 governs the "[a]ltering or [a]mending [of] a judgment." FED. R. CIV. P. 59. "A motion to alter or amend a judgment must be

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

[2] Plaintiffs *pro se* filed the instant motion as a Motion for Leave to file a Motion to Reconsider. (D. 106). However, because judgment has been entered in this case and because the Plaintiffs seek relief pursuant to Rule 59(e), the Court construes the filing as a Motion to Alter or Amend a Judgment.

filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). "A Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). If that standard is successfully established, then Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (citing *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Moreover, "A motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp.*, 49 F.3d at 1263 (citing *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247-48 (7th Cir. 1995)). Similarly, "Rule 59 is not a vehicle for rearguing previously rejected motions" or "rehash[ing] old arguments," *Oto*, 224 F.3d at 606, nor is it a "vehicle for a party to undo its own procedural failures[.]" *Moro*, 91 F.3d at 876 (7th Cir. 1996).

### III

Plaintiffs seek relief pursuant to Rule 59(e), requesting, among other things, that the Court vacate the dismissal Order, grant reconsideration, and grant leave to file a Fourth Amended Complaint. (D. 106-1 at ECF p. 3). However, Plaintiffs' Motion does little more than rehash old arguments that the Court has already ruled on and does not reveal a manifest error of law or fact or present newly discovered evidence sufficient for them to prevail on the instant Motion. *See LB Credit Corp.*, 49 F.3d at 1267. Indeed, Plaintiffs first argument is that the Trial Period

Plan ("TPP") constituted a written contract subject to a ten-year statute of limitations and not a five-year statute of limitations (D. 106-2 at ECF p. 2-5). Plaintiffs raise the same arguments that they previously advanced in opposition to the Defendants' Motions to Dismiss, *see e.g.,* (D. 96), and the Court has previously considered and rejected the Plaintiffs' arguments. (D. 103 at ECF p. 7-9). Next, the Plaintiffs argue that Wells Fargo's unconscionable concealment demands equitable tolling. (D. 106-2 at ECF p. 5-9). The Court has also considered and rejected those arguments. (D. 103 at ECF p. 8-9). Lastly, Plaintiffs argue that its Real Estate Settlement Procedures Act ("RESPA") claims are timely based on allegations that it raised for the first time in its proposed Fourth Amended Complaint. (D. 106-2 at ECF p. 9-12). However, the Court previously denied leave to file a Fourth Amended Complaint and discussed the Plaintiffs' failure to timely raise these very issues after discovering them as one of the reasons leave to file the Fourth Amended Complaint was denied.[3] (D. 103 at ECF p. 16-18).

In sum, the Plaintiffs' Motion does not demonstrate a manifest error of law or fact, nor does it raise newly discovered evidence or advance arguments that could not have been previously made. To the contrary, it reflects many of the same arguments that have already been considered and expressly rejected by this Court in its previous Order. (D. 103). A "'manifest error'" is "'not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto*, 224 F.3d at 606. Here, the Plaintiffs' Motion reveals little more than their disappointment in the Court's May 15, 2025 ruling. (D. 103). It does not reveal manifest error. Thus, amending or altering the judgment pursuant to Rule 59(e) is not warranted in this case.

---

[3] Plaintiffs also seek leave to file a Fourth Amended Complaint as part of its instant Motion. (D. 106-2 at ECF p. 12-21). However, for the reasons previously identified by the Court in its Order (D. 103 at ECF p. 16-18), the request is denied. Moreover, "Rule 59 is not a vehicle for rearguing previously rejected motions". *Oto*, 224 F.3d at 606.

**IV**

For the reasons stated, *supra*, Plaintiffs' Motion for Leave to file a Motion to Reconsider (D. 106) is DENIED. The Clerk is directed to maintain the status of this case as CLOSED.

*It is so ordered.*

Entered on June 18, 2025

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE